## NEW YORK TELEPHONE·CO. v. BOARD OF PUBLIC UTILITY COM'RS.

(District Court, D. New Jersey. May 2, 1925.)

1. **Telegraphs and telephones ⬳33(1)—On application for interlocutory injunction, findings of Public Utility Commissioners as to value of telephone company's property assumed correct.**

On application for interlocutory injunction pending telephone company's suit to enjoin Board of Public Utility Commissioners from enforcing order denying increase in rates, where only facts before court were those shown by conflicting ex parte affidavits, *held*, findings of commission as to value of property and amount of depreciation would be assumed correct.

2. **Telegraphs and telephones ⬳33(1)—Public Utility Commissioners without authority to say with retroactive effect that telephone company's charges for depreciation were excessive.**

Board of Public Utility Commissioners, having authority under P. L. N. J. 1911, p. 376, § 16, to investigate telephone company's charges, and which for over 10 years failed to correct excessive depreciation charges, by fixing reasonable rates, *held* without authority to thereafter say with retroactive effect that past charges for depreciation were excessive.

3. **Telegraphs and telephones ⬳33(1)—Telephone company entitled to nonconfiscatory rate on property as of time of inquiry.**

Property on which telephone company is entitled to a nonconfiscatory rate is property (not part of it) that is being used in service as of time of inquiry regarding rates.

4. **Telegraphs and telephones ⬳33(1)—Public Utility Commissioners may not fix rate which is inadequate, on theory that past excessive charges for depreciation must be absorbed.**

New Jersey Board of Public Utility Commissioners cannot base future rates chargeable by telephone company, on a rate of return obtained by allowing to company as a depreciation expense a sum less than board itself finds to be actual, normal, and currently accruing depreciation, on theory that past charges for depreciation have been excessive and must be absorbed.

5. **Telegraphs and telephones ⬳33(1)—Return of only 4.93 per cent. on property confiscatory.**

A return of only 4.93 per cent. on telephone property is confiscatory.

In Equity. Suit by the New York Telephone Company against Board of Public Utility Commissioners and Harry V. Os-

borne and others, constituting said Board. On application for temporary injunction. Application granted, with directions to file copies of decree.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for plaintiff.

Thomas Brown, of Perth Amboy, N. J., for defendant.

Before BUFFINGTON, Circuit Judge, and RELLSTAB and MORRIS, District Judges.

BUFFINGTON, Circuit Judge. The plaintiff, New York Telephone Company, owns and operates a telephone system located in New York, Connecticut, and the northeasterly section of the state of New Jersey. It furnishes both interstate and intrastate telephone service. Its rates for "exchange" service within the state of New Jersey having remained substantially the same for about ten years and its expenses having greatly increased, the plaintiff requested the defendant the Board of Public Utility Commissioners of the state of New Jersey, the body having jurisdiction over that matter (page 374, c. 195, Laws of 1911), to be permitted to increase its rates for service of that character. To that end it filed, on March 6, 1924, with the board a schedule of increased rates for such service. A hearing was ordered by the defendant to determine whether the rates submitted were just and reasonable. Pending the hearing and determination, the new rates were suspended by orders of the board and stipulation of the parties. By its decision and order, filed on December 31, 1924, the board disallowed the increase, directed that the plaintiff carry its depreciation account in a specified manner, and that the schedule of rates then in force be continued. Thereupon the plaintiff filed its bill of complaint herein, alleging, in effect, that the board in making such order had exceeded its jurisdiction, in that, among other things, the rates to which the plaintiff became thereby restricted are so inadequate, unfair, and unreasonable as to be confiscatory, and hence in violation of the Constitution of the United States. It prays that the defendants be enjoined from enforcing the order and, likewise, from interfering with the plaintiff's putting into effect the schedule of rates disallowed by the board. The present application, made under section 266 of the Judicial Code (Comp. St. § 1243), is for an interlocutory injunction pending the trial and comes before the court on bill, answer, and affidavits.

The plaintiff bases its allegation of confiscation mainly upon the contention that even if it be assumed that a rate of return of 7.53 per centum, found by the board to be fair and reasonable and seemingly obtainable by the plaintiff under the board's order, is in fact, fair, reasonable, and nonconfiscatory, yet the truth is that, under that order, the maximum rate of return actually permitted the plaintiff is far less than 7.53 per centum. In support of this main contention, the plaintiff urges: (1) That the value of plaintiff's property, as fixed by the board and upon which it based the rate, is substantially less than the actual value of the property; (2) that the amount fixed by the board to be charged as an expense for depreciation is substantially less than the loss sustained by plaintiff by reason of actual normal depreciation; and (3) that the board, acting upon a finding made by it that the plaintiff had in the past made excessive charges for depreciation and upon its view of the law that such excessive charges in the past could be offset by correspondingly inadequate depreciation charges in the future, denied to the plaintiff the right to charge as an expense the amount representing the actual current depreciation loss, even as ascertained by the board, and required the plaintiff to deduct from such actual depreciation, until such time as such past excess charges shall have been absorbed, "an amount sufficient to allow the net telephone earnings for a given period (month or year) to equal a fair return on the value of the property in service" as found by the board.

[1] The solution of plaintiff's first and second subordinate contentions turns mainly upon matters of fact. The only facts before us are those disclosed by the ex parte affidavits filed in this cause. As the affidavits are conflicting it is not possible for us, upon this preliminary hearing, to determine what is the proper valuation of plaintiff's property or what is the proper amount to be charged as a depreciation expense. Consequently, for the purposes of this motion, we must assume that the valuation of the property and the normal depreciation charge as shown by the defendant's affidavits are correct. It follows that the first and second subordinate contentions of the plaintiff cannot be sustained.

[2] Passing to the plaintiff's third subordinate contention, it is manifest that the questions thereby presented are two: First, whether the board may now be heard to say with retroactive effect that the charges made in the past by the plaintiff were excessive; and, second, even if it be conceded that they were, whether that fact would confer upon the defendant the right and power to base an order with respect to future rates upon a result or rate of return obtained by allowing to the plaintiff as a depreciation expense a sum less than the board itself finds to be the actual, normal, currently accruing depreciation. We think the former of these two questions must be answered in the negative. Since 1912 the intrastate rates of the plaintiff in the state of New Jersey have been subject to the supervision of the board. During all that time the board has had the power to investigate plaintiff's rates, ascertain whether plaintiff's charges to expense for depreciation were excessive and, by fixing a just and reasonable rate, correct any excessive rates or charges that it might find. Chapter 195, § 16, Laws of 1911. The board did not act. The presumption now is that all profits from plaintiff's business were lawfully acquired (Newton v. Consolidated Gas Co., 258 U. S. 165, 175, 42 S. Ct. 264, 66 L. Ed. 538), and became a lawful part of plaintiff's property. Even if such presumption be a rebuttable one, which we do not decide, the evidence before us is not sufficient to overcome it.

[3, 4] In considering the second of the immediately foregoing questions it is essential to remember that the property upon the value of which the plaintiff is entitled to a nonconfiscatory return is the property (not part of it) that is being used in the service as of the time the inquiry regarding the rates is made. Willcox v. Consolidated Gas Co., 212 U. S. 19, 52, 29 S. Ct. 192, 53 L. Ed. 382, 15 Ann. Cas. 1034, 48 L. R. A. (N. S.) 1134. The Supreme Court has also expressly held that, "when * * * a public regulation of its prices comes under question, the true value of the property then employed for the purpose of earning a return cannot be enhanced by a consideration of the errors in management which have been committed in the past." Knoxville v. Water Co., 212 U. S. 1, 14, 29 S. Ct. 148, 152, 53 L. Ed. 371. The principle and result would seem to be the same whether the value of the property has been diminished by past inadequate rates or enhanced by past excessive rates. It has, in effect, been so held. Garden City v. Garden City Telephone, Light & Mfg. Co., 236 F. 693, 150 C. C. A. 25; Monroe Gaslight & Fuel Co. v. Michigan P. U. Commission (D. C.) 292 F. 139. Such being the property upon whose value the plaintiff is entitled to a nonconfiscatory rate of return, it inevitably follows, as we see it,

that a confiscatory rate of return thereon cannot be converted into a nonconfiscatory one merely by ignoring depreciation losses or expenses or by considering such item to be less than it actually is. Obviously, if the property upon which a plaintiff is entitled to a nonconfiscatory rate must be absorbed in whole or in part in order to provide such rate, there is confiscation.

[5] The rate of return afforded by the present order of the defendant, even if defendant's own valuation of plaintiff's property and defendant's own estimate of actual and normal depreciation be used, is, as shown by an affidavit filed by the defendant, only 4.93 per centum. The authorities are unanimous in holding that such a rate for telephone property is confiscatory. Moreover, the defendant makes no contrary contention. It appears to be clear from the evidence that the rate of return upon the property employed by the plaintiff in its intrastate business in New Jersey is even less than the rate of return upon the value of the property there used in the interstate and intrastate business combined. It follows that the order of the defendant is confiscatory and invalid, and the enforcement of same must be enjoined.

Counsel for the respective parties are directed to file with the clerk of this court at 12 o'clock noon Eastern Standard time, on Thursday, the 7th day of May, 1925, four copies of such order or decree as they will suggest to the court for entry, and Tuesday, the 12th day of May, 1925, at 9 o'clock in the forenoon, Eastern Standard time, at Trenton, N. J., is set for a hearing with respect to the order to be entered.