OTTINGER, ATTORNEY GENERAL OF NEW YORK, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 357.   Argued October 18, 19, 1926.—Decided November 29, 1926.

An Act of New York, c. 899, (1923), prescribing a gas rate of one dollar per thousand feet, *held* confiscatory. P. 579.

6 F. (2d) 243, modified and affirmed.

APPEAL from a judgment of the District Court enjoining enforcement of a New York rate-fixing statute, in a suit brought by the Gas Company against the Attorney

General of the State and the New York Public Service Commission.

*Mr. John Holley Clark, Jr.,* with whom *Messrs. Albert Ottinger,* Attorney General of New York, *William Hayward,* and *Charles E. Buchner* were on the brief, for appellant.

*Messrs. John A. Garver* and *William L. Ransom* for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In *Newton* v. *Consolidated Gas Company,* 258 U. S. 165, decided March 6, 1922, this Court held that Chapter 125, New York Laws 1906, which prescribed an eighty cent per thousand feet gas rate, had become confiscatory and should not be enforced. Thereafter the New York Public Service Commission made careful investigation of the property and operations of appellee and prescribed a rate not exceeding one dollar and fifteen cents per thousand for gas of five hundred and thirty-seven British thermal units, effective October 1, 1922, to continue for one year. Acceptance of this order, the company now claims, consummated a binding agreement with the State. The Legislature, by an Act approved June 2, 1923, c. 899, Laws 1923, effective immediately, directed that thereafter in New York City not more than one dollar per thousand feet should be demanded for gas of six hundred and fifty British thermal units.

By an original bill in the United States District Court, Southern District of New York, wherein the Public Service Commission and the Attorney General of that State were the defendants, appellee attacked the Act of June 2, 1923, as confiscatory and prayed for an injunction prohibiting enforcement thereof. It also asked that the Act be adjudged void because enforcement would impair the

company's contract with the State under the Commission's order, contrary to Article I, Section 10, of the federal Constitution.  Further, that the Act be declared invalid because of the impossibility of supplying immediately and with safety to consumers gas of six hundred and fifty thermal units.  Answers followed and the matter went to a master, who took much proof, found the value of the property dedicated to public use, cost of operation, the impossibility of furnishing safely gas of the prescribed standard, etc.  He reported the one dollar rate would not yield a fair return upon such property estimated according to any reasonable standard and, therefore, recommended that the Act be declared confiscatory and unenforcible.  He further recommended that it be declared invalid because in conflict with Article I, Section 10, also because compliance therewith was practically impossible.  The court confirmed this report without material modification, adjudged as recommended and granted the injunction prayed for.  6 Fed. (2d) 243.

The Commission, wisely we think, declined to ask review here of the final decree.  The Attorney General sued out a broad, separate appeal.  His petition therefor alleges:  "That in substance the decree restrains the defendants from enforcing in any way Chapter 899 of the Laws of 1923 of the State of New York and declares that said statute violates or is in contravention of Section 10 of Article I and of the Fourteenth Amendment of the Constitution of the United States."  There is an enormous record.  Seventy-one assignments of error assail rulings of the court and question many of the master's actions and conclusions.

 . Although somewhat oracular—as in the lines which make solemn declaration concerning the position which this court must ultimately take regarding valuations in rate cases—and too much burdened with unimportant dissertations, the report of the master contains a valuable analysis of the relevant evidence and clear statements

concerning values.  It also sets out distinctly what the evidence discloses as to the cost of production, expenses of the business, etc.  He concluded that the prescribed rate of one dollar per thousand feet would not yield a return of six per centum and was therefore confiscatory. With this conclusion the court below agreed, and we find nothing whatever suggested by the Attorney General in brief or oral argument which would justify material modification or reversal of the final decree in so far as it so adjudges and directs appropriate injunctions.

As the statute is clearly confiscatory and therefore invalid under the Fourteenth Amendment, it was unnecessary for the trial court to consider other objections thereto, and we have not done so.

The decree of the District Court will be modified by excluding therefrom those parts which declare the Act invalid for any reason except that enforcement would result in confiscation.  Thus modified, it is affirmed.  All costs of the appeal will be taxed against appellant.

*Affirmed with modification.*

Mr. Justice Brandeis concurs in the result.