280 F.2d 521
 Burton N. PUGACH, Petitioner-Appellant,
v.
Honorable Isidore DOLLINGER, District Attorney of Bronx
County, and Honorable Stephen P. Kennedy, Police
Commissioner of the City of New York,
Respondent-Appellees.
 No. 306, Docket 26116.
 United States Court of Appeals Second Circuit.
 Motion Argued July 1, 1960.
Decided July 12, 1960.
 
 George Todaro, New York City, for petitioner-appellant.
 Isidore Dollinger, Dist. Atty. of Bronx County, New York City, for respondents-appellees.
 FRIENDLY, Circuit Judge.
 
 
 1
 The stay initially granted by this Court on February 11, 1960, 275 F.2d 503, pending determination of the appeal from Judge Bryan's denial of an injunction, enjoined the state officials from 'using and disclosing wiretap evidence' as Pugach's trial in the County Court of Bronx County. After our affirmance of Judge Bryan's judgment, 277 F.2d 739, we nevertheless by orders dated April 26, 1960 and May 16, 1960 continued the stay, in the same language, pending application by Pugach to the Supreme Court for certiorari and final action thereon. On June 27, 1960, the Supreme Court granted certiorari, thereby implicitly affirming that the case presented an important issue of federal law. 80 S.Ct. 1614.
 
 
 2
 On July 1, 1960, Pugach's attorney submitted an order to show cause and a petition alleging that Pugach's trial was commencing, eleven jurors having been selected, and that the trial judge had denied an application for a preliminary hearing to determine whether the prosecution would use evidence derived from leads obtained by wiretaps, and requesting 'that this Court clarify or enlarge the order of February 11, 1960, to enjoin the use of any evidence which resulted directly or indirectly from information revealed to the police from their violation of Sec. 605.' I made the order to show cause returnable on July 6 and granted the requested injunctive relief pending its determination. On July 5, on motion of Pugach's counsel, the County Court declared a mistrial for reasons unrelated to the issue of wiretapping; the trial is now scheduled to begin September 12.
 
 
 3
 The initial question is whether, certiorari having been granted by the Supreme Court, this Court has power to grant the relief sought. I hold that it does since the application comes within that limited class of cases where, after appeal, the lower court may 'if the purposes of justice require, preserve the status quo until decision by the appellate court.' Newton v. Consolidated Gas Co., 1922, 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538. And the mistrial, declared on defendant's request, and the consequent adjournment, eliminate what would otherwise be a serious question, namely, whether the application was untimely, see Nardone v. United States, 1939, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307, as well as any problems of double jeopardy.
 
 
 4
 In my view, the stay now in effect enjoins the use of testimony obtained as a result of tapping Pugach's telephone as well as the intercepted communications themselves. The complaint sought this relief; it is clear that no distinction would be drawn in a Federal trial, Nardone v. United States,supra; I read the opinions of Judges Medina and Waterman, 275 F.2d 503, as intending to grant the full relief sought by Pugach; and we have continued to use the same words that they did. To be sure, it can be argued that using leads, as distinguished from revealing the contents of the intercepted communication, would not 'constitute the commission of a separate federal crime in futuro,' 275 F.2d at page 507, and thus would not come within the basis for distinguishing Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 on which Judge Medina relied. However, the first proposition is doubtful in view of footnote 5 to the opinion of the Chief Justice in Benanti v. United States, 1957, 355 U.S. 96, 100, 78 S.Ct. 155, 2 L.Ed.2d 126 and the statutory prohibition against 'use' of the intercepted communication. Whether or not the Supreme Court would see fit to draw such a distinction if it should reverse our decision that a federal court ought not enjoin the use of wiretapped evidence in state criminal trials, although it makes no such distinction as to federal trials themselves, I do not believe this Court intended to make it in the temporary stay order. If our language was somewhat elliptical, this was doubtless because, since the second Nardone case, supra, the phrase 'wiretap evidence' has been commonly used to include the fruits of the wiretapping as well as the intercepted messages. The only other point made by the District Attorney in opposition to the requested clarification of the stay order is that there is no proof that the state intends to use evidence obtained from wiretaps; this objection comes too late. See Pugach v. Sullivan, D.C., 180 F.Supp. 66, at page 68; 275 F.2d at page 505 and 277 F.2d at page 740.
 
 
 5
 In view of the time that has become available as a result of the mistrial, I have submitted this opinion to all the active judges of the Court. I am authorized to state their approval. Accordingly our order will be modified to enjoin the use or disclosure of any intercepted communications of Pugach's telephone or of any evidence obtained as a result thereof pending final determination by the Supreme Court of the United States.