**LA'AU FANENE of Tula, Appellant**

v.

**GOVERNMENT OF AMERICAN SAMOA, Appellee**

Nos. 5 & 6-1968

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

May 17, 1968

Heard before GOSS, *Associate Justice;* MISA, *Associate Judge;* and MAILO, *Temporary Associate Judge* at Fagatogo on April 26, 1968.

George A. Wray, Esq., counsel for the Appellant.

Frank P. Swett, Jr., Assistant Attorney General, counsel for the Appellee.

GOSS, *Associate Justice.*

On February 27, 1967 the Appellant was convicted of murder in the second degree under Code of American Samoa Section 4.0453 in Criminal Case No. 119 before the Trial Division of the High Court. On the same date he was sentenced to serve 30 years in prison at ordinary labor. The Appellant was represented during the trial by the Public Defender, Arthur A. Morrow. On August 1, 1967 George A. Wray, Esq. filed a Notice of Appeal on behalf of the Appellant.

On January 19, 1968 Mr. Wray filed an "Appeal from Decision Denying to Defendant a Transcript Without Cost Upon Petition and Affidavit of Indigency," which decision was stated to have been made on August 25, 1967. The two appeals have been consolidated.

All proceedings on the two matters were delayed because of a question as to admission of Mr. Wray to represent the

Appellant. On March 8, 1968 that matter was resolved and the Appellate Division entered an Order permitting Mr. Wray to represent the Appellant on the initial questions to be determined. The Order further provided that Memoranda of Points and Authorities be submitted by Counsel as to whether the appeals should be dismissed for the reasons that (1) the filings were not made within the time permitted by Supreme Court of the United States Revised Rule 11, 2 and (2) no filing fee had been paid in connection therewith. The filing of the Memoranda was completed April 25, 1968 and arguments were heard the next day. Counsel waived attendance of Appellant at the hearing of arguments.

### APPELLATE CASE NO. 5

Appellee has accepted proof of payment of a filing fee on August 26, 1967 in connection with Appellate Case No. 5. The first question at this stage of the proceedings is the jurisdiction of the Appellate Division of the High Court to proceed with Appellate Case No. 5, which jurisdiction depends upon proper filing of the Notice of Appeal.

The Assistant Attorney General had previously filed a Waiver of Right to Submit Authorities and Oral Arguments in which he stated that the Government "assumes no position as to whether Appellant's Notice of Appeal and Appeal from Decision Denying to Defendant a Transcript Without Cost should be dismissed by reason of not being filed within the time limit imposed by United States Supreme Court Rule 11, 2 . . ." The authorities however are clear that where an appeal is not taken within the time fixed by statute, jurisdiction cannot be conferred upon the Appellate Court by consent of the parties or by waivers. (See 4 American Jurisprudence 2d 783, Appeal and Error, Section 292.)

■ C.A.S. 3.0502 as enacted in 1966 provided for incorporating into American Samoa procedure for appeals from the Trial Division to the Appellate Division of the High Court the Federal rules as to time and procedure:

"Section 3.0502—APPEALS: Any appeal from the Trial or Probate Division of the High Court or from a district court to the Appellate Division of the High Court may be taken in accordance with the Federal Rules of Civil Procedure, contained in the United States Code Annotated as outlined therein, where it is applicable, as to rules of time and procedure. As promptly as possible after a notice of appeal from a District Court is filed with its clerk, he shall send a copy of the notice of appeal to the Clerk of the High Court together with a full written transcript of the record of the proceedings in the case in the district court."

■ Appellant's Counsel argued extensively that under the Revised Constitution of American Samoa of 1967, the Legislature had no power to enact C.A.S. 3.0502 or any laws governing the jurisdiction, operations or procedures of the Judiciary. It was later agreed that it was Section 3 of Article III of the Constitution of 1960 which applies to Appellate Case No. 5:

"SEC. 3. *Continuance of laws:* The laws of American Samoa respecting the courts, including their jurisdiction, organization and operation, the judicial system, and the judiciary shall continue in force until otherwise provided by law. No change in any such laws, whether by amendment, repeal, or by new statutory provision shall be effective unless the same shall have been enacted by the Legislature and approved by the Governor and by the Secretary of the Interior."

When enacted in 1966, C.A.S. 3.0502 was clearly within the power of the Legislature, the Governor and the Secretary of Interior.

■ Besides the constitutional argument, Appellant contends that the 1966 Amendment of C.A.S. 3.0502 can only be construed as a legislative intent to do away with

961

any time limit for filing criminal appeals from the Trial Division to the Appellate Division. Neither Counsel nor the Court are aware of a jurisdiction anywhere which does not impose a limitation as to the time for appeal. The desirability of some time limit for the protection of society is obvious. When the 1966 Amendment of C.A.S. 3.0502 is construed in the context of the pre-1966 statute and the bills passed in 1967 and 1968, a clear and continuing legislative intent is evident: in American Samoa the time for appeals should be limited in a manner similar to other jurisdictions. This legislative history is as follows:

*Revised Code of American Samoa, 1961 Edition—*

"Section 3.0502—APPEALS: Any appeal from the Trial or Probate Division of the High Court or from a district court to the Appellate Division of the High Court may be taken by filing a notice of appeal with the clerk of the court from which the appeal is taken *within seven days after the imposition of sentence or entry of the judgment or order appealed from.* As promptly as possible after a notice of appeal from a District Court is filed with its clerk, he shall send a copy of the notice of appeal to the Clerk of the High Court together with a full written transcript of the record of the proceedings in the case in the district court." (Emphasis added.)

*Proposed Amendment of 1967* (passed by the Legislature but never signed into law)—

"Section 3.0502—APPEALS: The following procedure shall apply to appeals taken to the Appellate Division of the High Court:

1. Before filing a notice of appeal, a motion for a new trial shall be filed *within 10 days after the announcement of the judgment or sentence;*

2. A notice of appeal shall be filed *within 10 days after the denial of a motion for a new trial;*

3. The appellant shall cause the record on appeal to be filed with the Appellate Division and the appeal to be docketed there within 30 days from the date the notice of appeal is filed." (Emphasis added.)

*Amendment of 1968—*

"Section 3.0502—APPEALS:" (Identical to proposed amendment of 1967.)

■ During the period following February 27, 1967, C.A.S. 3.0502 provided for appeals to be taken in accordance with the Federal Rules of Civil Procedure ". . . where it is applicable, as to rules of time and procedure . . . ." The Rules of Civil Procedure for the United States District Courts of course do not include any reference to the High Court of American Samoa. It seems clear that the Legislature intended for each Division of the High Court of American Samoa to be governed by those rules which apply to the particular Federal Court which is most similar in function to the particular High Court Division. The United States District Courts are trial courts and within the Federal Judiciary fulfill a function somewhat similar to that of our Trial Division. By C.A.S. 3.0502 the Legislature used abbreviated language to adopt by reference the Rules of Civil Procedure for the United States District Courts and to provide that where the words "district court" appear in Rule 72, Rules of Civil Procedure for the United States District Courts, a substitution of the words "Trial Division of the High Court of American Samoa" should be made. Likewise the Supreme Court of the United States is similar in function to this Appellate Division since both courts are primarily appellate and both are courts of last resort. Whenever the words "United States Supreme Court" are used in Rule 72 (other than where the Rules of the Supreme Court are referenced), the words "Appellate Division of the High Court of American Samoa" should be substituted therefor.

Making these substitutions, and placing the deleted words in parentheses, Rule 72 reads as follows:

"Rule 72. *Appeal from* (a District Court) *the Trial Division of the High Court of American Samoa to the* (Supreme Court) *Appellate Division of the High Court of American Samoa.* When an appeal is permitted by law from (a district court) the Trial Division of the High Court of American Samoa to the (Supreme Court of the United States) Appellate Division of the High Court of American Samoa, an appeal shall be taken, perfected, and prosecuted pursuant to law and the Rules of the Supreme Court of the United States governing such an appeal."

■■ Substitutions should be made in the Supreme Court of the United States Revised Rules in the same manner as the District Court Rules above. So altered, Rule 11 of the Supreme Court would read in part:

"2. An appeal permitted by law from (a District Court) the Trial Division of the High Court of American Samoa to (this Court) the Appellate Division of the High Court of American Samoa in a criminal case shall be in time when the Notice of Appeal prescribed by Rule 10 is filed with the Clerk of the (District Court) Trial Division of the High Court within thirty days after entry of the Judgment or Order appealed from."

For this Court to have jurisdiction under Rule 11, 2 (which was thus incorporated into the law of American Samoa), it would have been necessary for the Notice of Appeal from the Judgment and Sentence to have been filed within 30 days after February 27, 1967.

■■ In oral argument Counsel for the Appellant recited that C.A.S. 3.0606 of the Code of American Samoa applies:

". . . the criminal procedure in the Courts of American Samoa shall conform *as nearly as may be practical* with the Federal Rules of Criminal Procedure." (Emphasis added.)

He then suggested it would be within this Court's power to rule that the special circumstances in this case make it impractical to apply the Rule of Federal Criminal Procedure 37(b) which provides in effect that criminal appeals to

the Supreme Court shall be taken in accordance with Supreme Court Rule 11, 2 above quoted. At the time in question appeals were clearly governed by C.A.S. 3.0502 rather than by C.A.S. 3.0606, and the Rules of Civil Procedure for the United States District Courts and the Supreme Court of the United States Revised Rules applied to criminal appeals to the Appellate Division rather than the Rules of Criminal Procedure for the United States District Courts. In C.A.S. 3.0606 the wording is "as nearly as may be practical." The words "where applicable" were inserted to indicate that the Samoan Fono had no intention of adopting by reference those Federal Rules of Civil Procedure which have no application to American Samoa, such as the Rules for Appeals to United States Courts of Appeals. It is concluded that the language of C.A.S. 3.0502 does not confer upon the Appellate Division the jurisdiction to extend the time for appeal even if special circumstances did exist in the present case.

 Appellant has not made a convincing case, even if it were legally possible to make a special exception. The Government of American Samoa is conscious of the need for making Counsel available to those accused of crimes, and the Government provides the services of a Public Defender and Assistant Public Defender for that purpose. Counsel has represented that the Public Defender declined to appeal the conviction; the Public Defender has represented that his client decided he did not desire to appeal. It was the Public Defender who was conversant with the evidence presented during the trial, and he undoubtedly discussed it with his client. This Court of course has no knowledge as to whether any grounds for appeal did or did not exist, but the Court is acquainted with the conscientious attitude and capabilities of the Public Defender and with his reputation as former Chief Justice of this Court.

There is no indication in the record that prior to July 29, 1967, the Appellant attempted to communicate to the Court, or to his family, or to any other person, any desire that an appeal be taken. The Court takes Judicial notice of the informality existing in American Samoa, which informality permeates the jail as well as many other governmental operations. This informality provides ample opportunity for communications. Neither is there any indication in the record that Appellant did not have knowledge of the requirement that the filing of an appeal be timely. It would of course be unfair to other Samoans convicted since 1966 to accord the Appellant a special treatment not accorded to all.

So construed, the filing of a Notice of Appeal pursuant to C.A.S. 3.0502 is a matter of jurisdiction and mandatory, and it is beyond the power of the Appellate Division to hear Appellate Case No. 5. *Hartford Accident & Indemnity Co. v. Bunn et al.*, 258 US 165, 177 (1932).

### APPELLATE CASE NO. 6

As to the Court Transcript and Appellate Case No. 6, Counsel for Appellant argues in effect that there was no time limit on filing appeals in the period following August 25, 1967 because C.A.S. 3.0502 was automatically rescinded on July 1, 1967 upon the promulgation of the Revised Constitution of American Samoa. He reasons (1) Section 3 of Article III of the 1960 Constitution, supra, which provides for the continuance of existing laws and approval of new legislation on judicial matters by the Secretary of the Interior, does not appear in the 1967 Constitution; and (2) the 1967 Constitution vests all judicial power in the High Court, District Courts and other Courts created by law:

"SECTION 1. *JUDICIAL POWER:* The judicial power shall be vested in the High Court, the District Courts, and such other courts as may from time to time be created by law.

SECTION 2. *INDEPENDENCE OF THE COURTS:* The judicial branch of the Government of American Samoa shall be independent of the executive and legislative branches."

The issue is thus of the meaning of the independence from the Legislature set forth in Section 2. It is not necessary for this Court to rule on this question however, because in an appeal proceeding there is no right to a transcript without charge after the time for appeal has expired.

During the oral arguments the Counsel for Appellee volunteered that the Appellate Division might consider reduction of sentence or a recommendation to the Parole Board for such a reduction. The powers of the Appellate Division to commute, reduce or suspend the execution of sentence under C.A.S. 3.0503 are only present when a timely appeal has been filed. In the case before this Court, a recommendation to the Parole Board is also beyond the purview of the Appellate Division. No transcript of the evidence presented before the Trial Division has been prepared. The sentence imposed, 30 years at ordinary labor for second degree murder, is less than the maximum life imprisonment provided in C.A.S. 4.0453 and cannot be considered as a matter of law to be an unreasonable or excessive punishment for the murder of another. New C.A.S. 4.0203 provides that an employee of the Attorney General may make such a recommendation to the Parole Board, and in this case even an unofficial recommendation from the Appellate Division of the High Court would be most gratuitous.

It is therefore ORDERED that the two appeals, Appellate Cases No. 5 and 6, are dismissed.