**In re Jennifer HO, Debtor.**

**Jennifer Ho, Appellant,**

v.

**Dai Hwa Electronics, Appellee.**

**BAP No. CC–01–1345.**

**Bankruptcy No. LA 01–16532 ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Aug. 1, 2001.

**604**

Before: MARLAR and MONTALI, Bankruptcy Judges.

---

## ORDER

This is an appeal from an order dismissing appellant's chapter 13 bankruptcy case. Appellant has requested the Bankruptcy Appellate Panel ("BAP") grant a stay of the order pending appeal.

We publish to resolve any confusion regarding the bankruptcy court's ability to stay its own order after a notice of appeal has been filed.

## FACTS

Appellant Jennifer Ho filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 9, 2001. At that time, appellant was the defendant in a pending state court lawsuit brought by appellee Dai Hwa Electronics ("Dai Hwa"). Dai Hwa objected to confirmation of appellant's chapter 13 plan and sought and obtained dismissal of debtor's chapter 13 bankruptcy with a 180–day bar to refiling.

The order of dismissal was entered on July 3, 2001. On July 11, 2001, appellant filed in bankruptcy court a motion for stay pending appeal and an *ex parte* application for an order setting hearing on shortened notice for the stay motion. The bankruptcy court denied the motion for order shortening time on July 12, 2001, directing appellant to bring on a regularly noticed motion. On July 13, 2001, appellant timely filed her notice of appeal of the order of dismissal. *See* Federal Rule of Bankruptcy Procedure 8002(a).

On July 17, 2001, appellant filed with the BAP her "Emergency Motion For Stay Pending Appeal." In her motion appellant argued that the motion was properly before the BAP because the bankruptcy court had lost jurisdiction to issue a stay of its order once the notice of appeal was filed. Appellant has also noticed a hearing on her motion for stay pending appeal in the bankruptcy court on August 27, 2001.

## DISCUSSION

█ Motions for stay pending appeal or for other relief pending appeal must ordinarily be presented to the bankruptcy court in the first instance, Fed.R.Bankr.P. 8005, before the movant may seek relief from the BAP or the district court, as the case may be.

Appellant relies on *Burchinal v. Central Washington Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1489 (9th Cir.1987) to

support her assertion that the filing of a notice of appeal divests the bankruptcy court of jurisdiction to rule on a motion for stay of its order pending appeal. In *Burchinal*, the bankruptcy court denied a motion for stay pending appeal to the Circuit, then a little over a month later reconsidered the matter and granted a stay pending appeal.

■ *Burchinal* does not stand for the proposition that the bankruptcy court lacks the power to enter a stay once an appeal is filed. What it does stand for is that the court cannot *reconsider* an earlier decision denying a stay (and thus belatedly impose one) after a notice of appeal is filed: "Generally a bankruptcy court has wide latitude to *reconsider and vacate* its own decisions. A pending appeal, however, divests a bankruptcy court of jurisdiction." 829 F.2d at 1489 (citations omitted) (emphasis added).

Numerous cases since *Burchinal* involving somewhat similar circumstances support our understanding of the trial court's jurisdiction to enter a stay pending appeal after a notice of appeal is filed. *See, e.g., In re Imperial Real Estate Corp.*, 234 B.R. 760, 762 (9th Cir. BAP 1999); *In re Mirzai*, 236 B.R. 8, 10 (9th Cir. BAP 1999); *Natural Resources Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538 (1922).").

Appellant should proceed with the pending motion for stay pending appeal in the bankruptcy court before seeking a stay from the BAP. Therefore, the motion for stay pending appeal is DENIED without prejudice.