GERALD MORRELL, Respondent, *v.* BROOKLYN BOROUGH GAS COMPANY, Appellant. (No. 1.)

**Gas and electricity — when legislative act fixing price of gas is adjudged unconstitutional, Public Service Commissions Law applies and commission may fix rates — Supreme Court wthout authority to fix rates — company may file own schedule subject to modification by public service commission.**

Where a legislative act fixing the maximum price to be charged in a city for gas is adjudged unconstitutional and void and, therefore, no rate is limited by legislative enactment, the Public Service Commissions Law applies and the commission may fix rates as to it seems reasonable. There is nothing in the laws or in authorities to justify the Supreme Court in assuming power to fix the rate. The Public Service Commissions Law covers the whole question. The company by section 66 may file its own schedule of rates and change of rates. The Public Service Commission on complaint or of its own motion may modify the charges. It is only where a rate has been fixed by statute that the commission cannot increase it and where the statute has been declared null and void the limitation therein does not apply. (*People ex rel. Municipal Gas Co.* v. *Public Service Comm.*, 224 N. Y. 156, distinguished.)

*Morrell* v. *Brooklyn Borough Gas Co.*, 195 App. Div. 1, reversed.

(Argued June 3, 1921; decided July 14, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 7, 1921, which affirmed an order of Special Term granting a motion for a temporary injunction.

The following questions were certified:

" 1. On the complaint and moving affidavits, had the court at Special Term power to grant the injunction *pendente lite* against the defendant gas company, and to enjoin it from collecting the rate of $1.40 per thousand cubic feet of gas?

" 2. Had the public service commission power or jurisdiction to fix a rate for this defendant to charge for gas in excess of the statutory maximum rate after that statutory rate had been duly adjudged to be confiscatory as to this particular company?

" 3. After such determination that the maximum rate fixed by Laws of 1906, chapter 125, as amended by Laws of 1916, chapter 604, as to this defendant, was confiscatory, unconstitutional and void, had defendant the power of itself to fix a rate of $1.40 per thousand cubic feet, and to enforce same as against local consumers like the plaintiff? "

*Edward M. Bassett* and *Wilson W. Thompson* for appellant. Certified question No. 2 should be answered in the negative. (*People ex rel. Mun. Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156; *Mun. Gas Co.* v. *P. S. Comm.*, 225 N. Y. 89; *B. B. Gas Co.* v. *P. S. Comm.*, 17 State Dept. Rep. 81; *P. S. Comm.* v. *B. B. Gas Co.*, 106 Misc. Rep. 549; 188 App. Div. 935; 189 App. Div. 62; *P. S. Comm.* v. *Kings County L. Co.*, 105 Misc. Rep. 665; *Bronx G. & El. Co.* v. *P. S. Comm.*, 108 Misc. Rep. 180; *Consolidated Gas Co.* v. *Newton*, 267 Fed. Rep. 231; *Kings County Lighting Co.* v. *Nixon*, 268 Fed. Rep. 143; *Kings County Lighting Co.* v. *Barrett*, N. Y. L. J., Jan. 13, 1921, 1255.) Certified question No. 3 should be answered in the affirmative. (*Bolt* v. *Stennett*, 8 T. R. 606; *Allnutt* v. *Inglis*, 12 East, 527; *People* v. *Budd*, 117 N. Y. 1, 19; *Lough* v. *Outerbridge*, 143 N. Y. 271; *Brooklyn Union Gas Co.* v. *City of New York*, 50 Misc. Rep. 450; 115 App. Div. 69; 188 N. Y. 334; *Munn* v. *Illinois*, 94 U. S. 113.) Certified question No. 1 should

be answered in the negative. (*Meyer* v. *Moress*, 106 App. Div. 556; *Brockway* v. *Miller*, 144 App. Div. 239, 242; *Burdi* v. *Giordano*, 158 App. Div. 945; *Sultzer & Chambre, Inc.*, v. *Inter-Continental Const. Corp.*, 188 App. Div. 955; *H. R. Power Transmission Co.* v. *United Traction Co.*, 98 App. Div. 568.)

*Terence Farley* and *George H. Stover* for Public Service Commission, *amicus curiæ*. The public service commission had and has power to fix the rate of the defendant gas company for gas in excess of the statutory maximum rate after that statutory rate has been duly adjudged to be confiscatory as to that company. (*B. B. Gas Co.* v. *P. S. Comm.*, 190 App. Div. 901; *Bronx G. & El. Co.* v. *P. S. Comm.*, 190 App. Div. 13; *P. S. Comm.* v. *B. B. Gas Co.*, 106 Misc. Rep. 549; 188 App. Div. 935; *Mun. Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156; *Vil. of Saratoga Springs* v. *Saratoga Gas, El. L. & P. Co.*, 191 N. Y. 123; *Matter of Quinby* v. *P. S. Comm.*, 223 N. Y. 244; *Matter of Rouss*, 221 N. Y. 81; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *Delafield* v. *Brady*, 108 N. Y. 524; *Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1; *Price* v. *County of Erie*, 221 N. Y. 260.) After the determination that the maximum rate, fixed by Laws of 1906, chapter 125, as amended by Laws of 1916, chapter 604, as to this defendant, was confiscatory and void, defendant had no power to fix its own rate of one dollar and forty cents per 1,000 cubic feet, and to enforce that rate against local consumers like the plaintiff. (*B. B. Gas Co.* v. *P. S. Comm.*, 17 State Dept. Rep. 81.)

*William L. Ransom, Robert E. Coulson* and *Colley E. Williams* for Empire State Gas and Electric Association, *amicus curiæ*. The public service commission had power and jurisdiction of the defendant company and its rate for gas, after the entry of judgment decreeing the eighty-cent law confiscatory as to this company, and before the

taking effect of chapter 134 of the Laws of 1921.   (*Homestead Co.* v. *Des Moines El. Co.*, 248 Fed. Rep. 439; *Cons. Gas Co.* v. *Newton,* 256 Fed. Rep. 315.)   If the commission had no jurisdiction to fix rates, then the company had clearly the right to promulgate a one-dollar-and-forty-cent rate, or any other rate, by filing a tariff schedule.   (*Homestead Co.* v. *Des Moines El. Co.*, 248 Fed. Rep. 439.)   Plaintiff had no right to maintain a suit in equity to enjoin the collection of the gas rate concerning which complaint is made.   (*Murray* v. *N. Y. Tel. Co.*, 160 App. Div. 14; 226 N. Y. 590; *Metzger* v. *N. Y. State Rys. Co.*, 168 App. Div. 187; *Pennsylvania R. R. Co.* v. *Puritan Coal Co.*, 237 U. S. 121; *Baltimore & Ohio R. R. Co.* v. *Pitcairn Coal Co.*, 215 U. S. 481; *City of N. Y.* v. *Brooklyn Edison Co.*, N. Y. L. J., May 10, 1921; *P. S. Comm.* v. *B. B. Gas Co.*, 104 Misc. Rep. 315; 189 App. Div. 62; *P. S. Comm.* v. *Richmond Lt. & R. R. Co.*, 142 App. Div. 44; 202 N. Y. 515; *People ex rel. Joline* v. *Willcox*, 129 App. Div. 267; 194 N. Y. 383.)

*George L. Ingraham, Samuel F. Moran* and *John D. Monroe,* amici curiæ.   The court is without power in this action, brought by a consumer against the defendant gas company, to fix or establish by its decree herein a rate or charge for gas to be furnished, and accordingly the complaint does not state facts sufficient to constitute a cause of action.   (*People ex rel. Mun. Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156; *Bronx G. & El. Co.* v. *P. S. Comm.*, 190 App. Div. 13; *Metzger* v. *New York State Railways*, 168 App. Div. 187; *Murray* v. *New York Telephone Co.*, 170 App. Div. 17; 226 N. Y. 590; *Dudley* v. *Mayhew*, 4 N. Y. 9; *People* v. *N. Y., L. E. & W. R. R. Co.*, 104 N. Y. 58; *People ex rel. Linton* v. *B. H. R. R. Co.*, 172 N. Y. 90; *People ex rel. Lehmaier* v. *Interurban Ry. Co.*, 177 N. Y. 296; *Murphy* v. *N. Y. C. R. R. Co.*,

225 N. Y. 548; *P. S. Comm.* v. *I. N. Gas Co.*, 184 App. Div. 285; 226 N. Y. 580.)

*Gerald Morrell*, respondent in person.

*John P. O'Brien, Corporation Counsel* (*Judson Hyatt* and *James A. Donnelly* of counsel), for City of New York, intervener. The court at Special Term had the power to grant an injunction *pendente lite* against the defendant and to enjoin it from collecting at a rate of one dollar and forty cents per 1,000 cubic feet of gas from its private consumers. (*Wilcox* v. *Cons. Gas Co.*, 212 U. S. 19; *Farnsworth* v. *Borough O. & G. Co.*, 216 N. Y. 40; *Campbell* v. *Seaman*, 63 N. Y. 568; *Holst* v. *Savannah El. Co.*, 131 Fed. Rep. 931; *Richman* v. *Cons. Gas Co.*, 114 App. Div. 216; 186 N. Y. 209; *Sickles* v. *Manhattan G. L. Co.*, 64 How. Pr. 33; *Mayor, etc.*, v. *N. Y. & S. I. Ferry Co.*, 64 N. Y. 622; *People* v. *A. & V. R. R. Co.*, 11 Abb. Pr. 136; *Morris E. & A. Express Co.* v. *M. E. Express Co.*, 67 App. Div. 616.) The public service commission has no power, in connection with its statutory function of regulating gas rates, to fix a rate for gas service in excess of the statutory maximum, notwithstanding that such statutory maximum has been held to be confiscatory as to a particular company. (*People ex rel. Mun. Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156; *B. B. Gas Co.* v. *P. S. Comm.*, 17 State Dept. Rep. 81.) The defendant herein had no power to fix its own rate of one dollar and forty cents per 1,000 cubic feet for gas service, where the statutory rate had been held confiscatory as to it, since in the instant case the legislature did not repeal by implication the earlier rate controlling the defendant by enacting the confiscatory rate. (*P. S. Comm.* v. *B. B. Gas Co.*, 189 App. Div. 62; *Eberle* v. *Michigan*, 232 U. S. 700; *People* v. *Metz*, 189 N. Y. 550; *People* v. *Quigg*, 59 N. Y. 83; *People* v. *Palmer*, 52 N. Y. 83; *Williams* v. *Potter*, 2 Barb. 316; *People* v.

*Damron*, 162 App. Div. 424; *Norton* v. *Shelby County*, 118 U. S. 425; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.)

CRANE, J.   The defendant manufactures and sells gas in the thirty-first ward of the borough of Brooklyn, city of New York, including all of Coney Island.   By chapter 125 of the Laws of 1906 the maximum rate of $1.00 per thousand cubic feet was fixed as the price of gas and by chapter 604 of the Laws of 1916 and chapter 666 of the Laws of 1917 the rate was lowered to $0.80 per thousand cubic feet on and after July 1st, 1916.   This rate being confiscatory by the estimates of the defendant, an action was brought in the Supreme Court, New York county, against the public service commission and others to have it so declared.   This case, known as *Brooklyn Borough Gas Co.* v. *Public Service Commission* (17 State Dept. Rep. 81), was referred to Hon. Charles E. Hughes who decided, after hearing, that the $0.80 rate was a taking of the defendant's property without a fair and reasonable return and that the act fixing the rate was unconstitutional and void; it was no longer in force and effect.   The referee was also of the opinion that the act of 1916 fixing the maximum of $0.80 had repealed the act of 1906 fixing the rate at $1.00.   Both rates could not be maximums so the legislature must have intended a repeal of the earlier provision.   No rate, therefore, being limited by legislative enactment, what charge was the gas company authorized to make?   It seems quite clear that the Public Service Commissions Law applied and that the commission could fix rates as to it seemed reasonable.   This is what the commission did do.   After many preliminary proceedings in court, which need not now be referred to, the defendant applied to the public service commission for a rate, reasonable under all circumstances, which was fixed at $1.40 per thousand cubic feet on and after August 1, 1920.

This action was thereafter commenced by the plaintiff as a resident of the thirty-first ward and a purchaser of gas to restrain the defendant from charging this $1.40 rate on the ground that the public service commission had no power to increase a rate over that fixed by the law of 1916, declared void as above stated. The Special Term in granting the preliminary injunction realized that if the commission could not fix a rate, if the company could not file its own schedule of rates and if the rate fixed by the law-making power was void, that the customer must get gas for nothing or go without it. The only alternative was for the court to assume the power which it accordingly did and fixed the rate at $1.15 as a reasonable charge. We find nothing in the laws or in authorities to justify such action. The Public Service Commissions Law covers the whole question. The company, by section 66, may file its own schedule of rates and change of rates. The public service commission on complaint or of its own motion may modify the charges.

Here on application of this company, the commission fixed the rate at $1.40. It is only where a rate has been fixed by statute that the commission cannot increase it. The only law was that of 1916 which had been declared null and void, so that there was not this limitation upon the commission. The case of *People ex rel. Municipal Gas Company* v. *Public Service Commission* (224 N. Y. 156), therefore, does not apply.

The order appealed from should be reversed, with costs in all courts, and motion for injunction denied, with ten dollars costs; the first question certified answered in the negative, and the second and third in the affirmative.

HISCOCK, Ch. J., HOGAN, CARDOZO and ANDREWS, JJ., concur; POUND, J., absent; CHASE, J., deceased.

Order reversed, etc.