Nos. 42,989 and 43,096

ELMER J. SCHUMACHER, *Appellee* and *Cross-Appellant*, v. FRED W.
RAUSCH, JR., *Appellant* and *Cross-Appellee*, JOHN ANDERSON, JR.,
and ROY SHAPIRO, *Defendants.*

(372 P. 2d 1005)

Opinion filed July 7, 1962.

*Robert E. Hoffman,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the brief for appellant and cross-appellee.

*Stanley R. Roose,* of Topeka, argued the cause, and *Milford M. Magee,* of Topeka, was with him on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: The question presented by these consolidated appeals is—

Who is entitled to hold the office of Workmen's Compensation Director of the state of Kansas?

On April 13, 1959, Governor Docking appointed Elmer J. Schumacher to the office of Workmen's Compensation Commissioner, effective May 10, 1959, for a four-year term. The appointment was made under the authority of § 16, ch. 250, Laws of 1955, appearing as G. S. 1959 Supp., 74-710, the pertinent part of which reads:

"There is hereby created the office of workmen's compensation commissioner. The workmen's compensation commissioner shall receive an annual salary of eight thousand dollars ($8,000) and, upon the expiration of the term of office running at the taking effect of this act, shall be appointed by the governor for a term of four (4) years, and he shall before his appointment have had a practical knowledge of the theory of workmen's compensation. Upon the expiration of the term as aforesaid each succeeding workmen's compensation commissioner shall be appointed and shall hold [the] office for a term of four (4) years and until his successor shall have been appointed and qualified. . . ."

Schumacher qualified, and took over and assumed the duties of the office of commissioner.

At the 1961 legislative session the above-mentioned statute was repealed by § 12, ch. 243, Laws of 1961, and in its stead § 7, ch. 243, Laws of 1961, was enacted, effective June 30, 1961. It appears as G. S. 1961 Supp., 74-710, and in pertinent part reads:

"The office of workmen's compensation *commissioner* is hereby *abolished* and there is hereby created the office of *workmen's compensation director*. The workmen's compensation director shall receive an annual salary of ten thousand dollars ($10,000) and, *upon the expiration of the term of office running at the taking effect of this act,* shall be appointed by the governor with the advice and consent of the senate, for a term of four (4) years, and he shall before his appointment have had a practical knowledge of the theory of workmen's compensation. Upon the expiration of the term as aforesaid each succeeding workmen's compensation director shall be appointed and shall hold the office for a term of four (4) years and until his successor shall have been appointed and qualified. . . ." (Our emphasis.)

On June 21, 1961, under authority of the 1961 enactment just quoted, Governor Anderson appointed Fred W. Rausch, Jr., as Workmen's Compensation Director for a term of four years, effective July 1, 1961.

In due course Rausch took over the office, despite the protests of Schumacher who claimed—and still claims—that his appointment runs until May 10, 1963.

On June 30, 1961, Schumacher filed this action in the nature of quo warranto, and for injunctive relief, against Rausch, seeking to have the rights of the parties determined. Governor Anderson and Roy Shapiro, comptroller of the state of Kansas, also were joined as defendants.

On July 1, 1961, Rausch, while assuming the duties of Workmen's Compensation Director, was served with a restraining order. On July 5, 1961, following a hearing, the restraining order was dissolved and Schumacher's motion for a temporary injunction was denied. Rausch continued in, and proceeded to perform the duties of the office, over the protests of Schumacher.

The parties entered into a stipulation of facts, and on September 26, 1961, all matters in controversy were heard by the trial court and taken under advisement. On January 8, 1962, the court dismissed the action as to defendants Governor Anderson and Shapiro, and rendered judgment in favor of plaintiff Schumacher to the effect that he was entitled to the office in question. The pertinent portion of the journal entry of judgment reads:

"It Is, Therefore, Hereby Ordered, Adjudged and Decreed: That the plaintiff, Elmer J. Schumacher, is now and has at all times since his appointment on

May 10, 1959, been entitled to the office in question; that under the express provisions of Chapter 243, Laws of 1961, the title of the office of Workmen's Compensation Commissioner is changed to that of Workmen's Compensation Director and the term of the incumbent Commissioner is specifically recognized by the State Legislature and continues until its expiration on May 10, 1963. The plaintiff as incumbent Workmen's Compensation Commissioner is held to have assumed the title, powers and duties of Workmen's Compensation Director upon the effective date of the act, which was June 30, 1961; that plaintiff is hereby restored to his office together with all the files and records of said office, and he shall receive all the salary and emoluments of this office from the date of judgment."

On January 9, 1962, defendant Rausch appealed from the adverse judgment—the appeal being docketed as case No. 42,989. On January 15th this court granted a stay of execution and Rausch has continued in the office pending disposition of the appeal.

On February 16th Schumacher filed a notice of cross-appeal from various orders adverse to him made during the litigation. On March 7th Schumacher filed a direct appeal from the identical orders and rulings from which he had previously cross-appealed. His appeal was docketed as case No. 43,096. By order of this court the two appeals were consolidated.

On May 17th Rausch filed a motion to dismiss Schumacher's appeal in case No. 43,096. On May 22nd the motion was denied with leave to renew at the hearing on the merits. Upon oral argument of the appeals, on June 8th, the motion to dismiss was renewed, and we now dispose of it.

G. S. 1949, 60-3309, provides that an appeal to this court shall be perfected within two months from the date of the judgment or order from which the appeal is taken.

G. S. 1949, 60-3314, reads:

"When notice of appeal has been served in a case and the *appellee* desires to have a review of rulings and decisions of which *he complains*, he shall within *twenty days* after the notice of appeal is filed with the clerk of the trial court, give notice to the adverse party, or his attorney of record, of his cross-appeal and file the same with the clerk of the trial court, who shall forthwith forward a duly attested copy of it to the clerk of the supreme court." (Our emphasis.)

On January 9th Rausch filed his notice of appeal from the adverse judgment of January 8th. Considerably more than twenty days later, Schumacher, on February 16th, filed his notice of cross-appeal. Under the plain mandate of the statute (60-3314, above) the purported cross-appeal was not filed in time and may not be considered. (*Septer v. Boyles,* 149 Kan. 240, 244, 86 P. 2d 505; *Jones*

*v. Pohl,* 151 Kan. 92, 97, 98 P. 2d 175; *Giltner v. Stephens,* 163 Kan. 37, 48, syl. 4, 180 P..2d 288; *McComb v. Stanolind Oil and Gas Co.,* 164 Kan. 1, syl. 2, 186 P. 2d 574.)

The further question remains:

May Schumacher's "direct appeal" (docketed as case No. 43,096), filed on March 7th—and therefore within two months (60-3309, above) from the judgment of January 8th—be considered?

In our opinion it may not be.

As stated, Rausch filed his notice of appeal on January 9th. Under the plain language of the statute (60-3314, above) Schumacher had twenty days from that date within which to cross-appeal from any orders adverse to him. He did not do so within the time allowed. To permit him later to file a "direct appeal" would result in circumventing and extending the statutory time limit for a *cross-appeal*— and we know of no authority for such procedure.

It follows, therefore, that Schumacher's cross-appeal in case No. 42,989, and his appeal in case No. 43,096, must be and are hereby dismissed.

This brings us, then—to consideration of Rausch's appeal.

At the time of rendering its judgment that Schumacher was entitled to the office in question, the trial court filed a comprehensive memorandum opinion dealing with various questions of law raised by the parties. As we read it, however, and the journal entry of judgment (above), the real basis of the trial court's ruling appears to be that because of the inclusion of the words—

". . . upon the expiration of the term of office running at the taking effect of this act, . . ."

in the 1961 enactment (G. S. 1961 Supp., 74-710, above), the legislature expressly recognized that no substantial change was being made in the office of workmen's compensation *commissioner* by simply changing the name to workmen's compensation *director;* that the legislature, by the enactment of the above-mentioned language, intended that the office of workmen's compensation *director* was in actuality a *continuation* of the old office of workmen's compensation *commissioner,* and that the *then* incumbent *commissioner* should continue to serve in the office as *director* until expiration of the term existing at the time of the taking effect of the act, that is, for four years from May 10, 1959, that being the effective date of Schumacher's appointment as *commissioner.*

Before discussing the specific language of the 1961 enactment

in question we mention a few fundamental principles as having a bearing on the over-all question presented.

One is that courts are concerned only with the power of the legislature to enact statutes, and not with their wisdom, and it is not the function of the courts either to approve or condemn legislative policy. (*State, ex rel., v. City of Pittsburg,* 188 Kan. 612, 364 P. 2d 71.)

Another is that our constitution limits, rather than confers power, and thus courts look to see what it prohibits, instead of what it authorizes. (*Wulf v. Kansas City,* 77 Kan. 358, 367, 94 Pac. 207.)

In *Jansky v. Baldwin,* 120 Kan. 332, 243 Pac. 302, 47 A. L. R. 476, (opinion denying rehearing, 120 Kan. 728, 244 Pac. 1036), it was said:

"Under our form of government all governmental power is inherent in the people. Some governmental powers are delegated to congress, or to the federal government, by our federal constitution; those not so delegated are retained by the people. Hence, congress has no legislative power not granted to it by the federal constitution. This is not true of a state constitution. Since the people have all governmental power, and exercise it through the legislative branch of the government, the legislature is free to act except as it is restricted by the state constitution, and except, of course, the grant of authority to the federal government by the federal constitution." (p. 334.)

Generally speaking, that which is purely a creature of the legislature is subject not only to the legislative power to create, but also to the legislative power to modify, dissolve or abolish. (*State, ex rel., v. School District,* 163 Kan. 650; 185 P. 2d 677.)

Article 2, § 19, of our constitution authorizes the legislature to provide for the election or appointment of all officers and the filling of all vacancies not otherwise provided for in the constitution, and Article 15, § 1, thereof provides that all officers whose election or appointment is not otherwise provided for shall be chosen or appointed as may be prescribed by law.

In support of his position Rausch calls our attention to the fact that the words—

". . . upon the expiration of the term of office running at the taking effect of this act, . . ."

first appeared in § 1, ch. 396, Laws of 1947, found at G. S. 1947 Supp., 74-710, which raised the salary of the workmen's compensation commissioner and increased the term of office from two to four years. In 1951 the salary of the commissioner was again increased

(G. S. 1951 Supp., 74-710). In 1953 the salary of the commissioner was again increased (G. S. 1953 Supp., 74-710), and the same was true in 1955 (G. S. 1955 Supp., 74-710). (The 1955 enactment was still in effect in 1959 [G. S. 1959 Supp., 74-710] and is the section under which Schumacher was appointed.) The quoted words which first appeared in the 1947 enactment were carried over and included in the enactments of 1951, 1953 and 1955, and, as heretofore noted, also are contained in the 1961 enactment under consideration. In this connection our attention is directed to that portion of G. S. 1949, 77-201, *First,* which reads:

". . . The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

and to *Pinkston v. Rice Motor Co.,* 180 Kan. 295, 303 P. 2d 197, where it was held:

"The usual rule of statutory construction is that language of an earlier statute which is preserved in an amendment is deemed to speak as of the time of the original enactment, and not of the later one. (G. S. 1949, 77-201, *First.*)" (syl. 7.)

and thus it is argued that the quoted words in question have reference *only* to the office of *commissioner*—which is now nonexistent.

In addition to such contention—which we feel has merit—we believe there is a patent and compelling reason why the judgment of the trial court cannot be upheld.

The 1961 enactment expressly *abolished* the office of *commissioner.* Therefore, as of June 30, 1961, the effective date of the act— *no such office existed.* There was no term of office as *director* "running" as of June 30th, for the office of *director* did not come into being until that date. There is nothing in the act which automatically transfers the incumbent *commissioner* to the office of *director,* and to say that Schumacher, as *commissioner,* should continue to serve until the expiration of the term for which he was appointed as *commissioner*—would mean that he would be occupying a *nonexistent office.*

In a situation such as this—motives of the legislature are not subject to court review. There is nothing in the constitution which prohibits the legislature from abolishing the office of commissioner and creating the office of director. That which the legislature had

the power initially to create—was subject later to being abolished.

Our conclusion is that from and after July 1, 1961, Rausch has been entitled to hold the office of director.

The cross-appeal by Schumacher in case No. 42,989 is dismissed. The direct appeal by Schumacher in case No. 43,096 is likewise dismissed. As to the appeal by Rausch in case No. 42,989, the judgment of the trial court is reversed.