■   VINCENT MICHAELIS et al., Respondents, v. CITY OF LONG BEACH et al., Appellants.— In this action inter alia to declare invalid and unconstitutional Ordinance No. 1205/74 (referred to in plaintiffs' papers herein as Resolution No. 19/74) of the City of Long Beach, defendants appeal from an order of the Supreme Court, Nassau County, entered April 29, 1974, which granted plaintiffs' motion for a preliminary injunction. Order reversed, without costs, and motion denied. On March 5, 1974 the Common Council of the City of Long Beach enacted the above-mentioned Ordinance No. 1205/74. This repealed Ordinance No. 1121/72 and changed the pattern of selecting members of the Board of Zoning Appeals of the City of Long Beach from that set forth in section 81-a of the General City Law to that set forth in section 81 of that law. The newly enacted ordinance also terminated the tenure of the plaintiff members of the board of zoning appeals. Plaintiffs sought to restrain defendants from enforcing Ordinance No. 1205/74 and from removing them from their positions as duly constituted members of the board of zoning appeals. On April 29, 1974 the preliminary injunction under review was granted enjoining the defendant Common Council of the City of Long Beach from interfering with the rights of plaintiffs to continue to hold office as lawful members of the board of zoning appeals, pending a trial of the action. On May 6, 1974 defendants filed a notice of appeal, which had the effect of imposing a statutory stay of all proceedings to enforce the preliminary injunction (CPLR 5519, subd. [a], par. 1). The defendant common council then appointed a new board of zoning appeals, which has, since

that time, been transacting its business. Since, in our opinion, there are no facts which need determination, and the sole question is one of law, we may examine on this record the right to the provisional remedy (*Peoples Sav. Bank of Yonkers* v. *County Dollar Corp.*, 43 A D 2d 327; *Morrell* v. *Brooklyn Borough Gas Co.*, 195 App. Div. 1, revd. on other grounds 231 N. Y. 398). Sections 81 and 81-a of the General City Law apply to all cities with populations of less than one million. Section 81 authorizes such cities to create boards of appeal consisting of five or six members, each to be appointed for three years. Section 81-a permits the city manager, when authorized by local ordinance, to appoint members of the board of appeals for staggered terms of office, i.e., two members for a term of one year, two members for a term of two years and one or two members for a term of three years. There is no statutory prohibition enjoining a legislative body from enacting an ordinance pursuant to section 81-a and later reverting back to section 81. The sections coexist, one did not repeal the other and the adoption of the first section did not preclude the adoption of the other section. There is no constitutional bar against the mere shortening of the term of an existing statutory office by legislation aimed at the office rather than at its incumbent. Absent any express constitutional limitation, a legislative body has full and unquestionable power to abolish an office of its creation or to modify the terms of the office, in the public interest, even though the effect may be to curtail an incumbent's unexpired term (*Lanza* v. *Wagner*, 11 N Y 2d 317, app. dsmd. 371 U. S. 74; *Long* v. *Mayor, Alderman & Commonalty of City of N. Y.*, 81 N. Y. 425; *Conner* v. *City of New York*, 5 N. Y. 285). Plaintiffs have asserted that the ordinance under attack is aimed at the members of the board of zoning appeals rather than the office itself. However, there is a complete absence in the record of any evidence to support this argument. Nor is there any evidence to support plaintiffs' conclusion that the defendant common council's adoption of Ordinance No. 1205/74 was not brought about because the common council believed a section 81 board preferable to a board consisting of members with staggered terms under section 81-a of the General City Law. It is, of course, true that the motivations of the members of a legislative body are generally not the subject of inquiry in determining the effect of legislation adopted by them (*Bacon* v. *Miller*, 247 N. Y. 311, 318, 319). From the foregoing, it appears that the amended complaint fails to state a cause of action and hence the preliminary injunction may not stand. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.