The Honorable Gerald L. Karr State Senator, Seventeenth District 1155 N. Highway 99 Emporia, Kansas 66801
Dear Senator Karr:
You request our opinion concerning the constitutionality of 1995 senate bill no. 19 (L. 1995, ch. 241). Specifically, you ask whether the legislature may constitutionally shorten the fixed terms of incumbent members of certain public boards and commissions affected by the legislation.
As you know, 1995 senate bill no. 19 alters the statutory appointment procedure for members of 22 specified state boards, commissions, and authorities. For all but two of the affected entities, appointments are subject to senate confirmation pursuant to K.S.A. 75-4315b. Under prior law, appointees to these entities generally served for a fixed term and until their successors wereappointed and qualified. Consequently, a qualified appointee was able to take office immediately upon expiration of the previous incumbent's term, subject to senate confirmation, if applicable, during the next legislative session.
Under 1995 senate bill no. 19, the terms of certain appointed members who served on each of the affected boards and commissions on July 1, 1995, will automatically expire on either January 15 or March 15 of the year in which the member's term would have expired under prior law. Thereafter, members will serve until the fixed term expires and their successors are appointed and confirmed. The new procedure shifts the timing of vacancies on state boards and commissions so that appointments will typically occur during the legislative session, which begins in January and usually ends in May of each year. Thus, the full senate will generally have the opportunity to consider and confirm appointees before they may exercise the duties of their respective offices. In comparison, it was possible under prior law for a new board or commission member to be appointed after adjournment of the legislative session and serve for several months before the senate convened in the regular legislative session and considered the appointee for confirmation, which is the final step in the appointive process.See Attorney General Opinion No. 91-20; see also Leek v. Theis,217 Kan. 784, 812 (1975) (gubernatorial appointee has the status of de facto officer, subject to senate rejection).
The legislation also establishes a confirmation oversight committee made up of six senators. L. 1995, ch. 241, sec. 1(a). When vacancies occur in the membership of any board, commission, or other governmental entity for which appointments are subject to senate confirmation, the committee may authorize the appointee filling the vacancy to exercise the functions, powers, and duties of the office pending confirmation by the senate during the next legislative session. L. 1995, ch. 241, sec. 1(b). If the legislature is not in session when an appointment is made to fill a vacancy, this provision establishes a method for authorizing an appointee to carry out the functions of the office until the full senate has an opportunity to consider the confirmation. However, the oversight committee has the discretion to deny such authority, which would have the effect of allowing the person then holding the office to hold over pending senate confirmation of the successor.
Your letter states that the legislation will have the effect of shortening the term of several incumbent members of the various boards and commissions within its scope who were originally appointed to fixed terms of three or four years. You ask whether this aspect of the legislation is constitutional. Because of the general nature of your question and the fact that you do not challenge the application of the statute to a specific individual or class of individuals, we assume you seek our opinion on the facial constitutionality of the statute. Further, we do not interpret your question to pose a procedural challenge to the enactment. We therefore address only the narrow substantive question of whether the legislature was within its constitutional power in enacting legislation that will have the effect of shortening the terms of certain incumbent public officers.
At the outset, we note that a statute carries a strong presumption of constitutionality, and when challenged all doubts must be resolved in favor of its validity. A statute is not struck down by the courts as unconstitutional unless it clearly infringes upon the superior law beyond substantial doubt. When considering the constitutionality of a statute, it is the duty of the courts to uphold the statute if there is any reasonable way to construe it as constitutionally valid. Whether the policy decision underlying the legislation is in the public's best interests is a legislative determination and is not an appropriate consideration when the constitutionality of a statute is challenged. See State ex rel.Stephan v. Parrish, 256 Kan. 746, 750-51 (1994); State ex rel.Schneider v. Kennedy, 225 Kan. 13, 20-21 (1978); Schumacher v.Rausch, 190 Kan. 239, 244 (1962).
Unlike the federal constitution, the Kansas constitution limits rather than confers legislative power. Therefore, when the constitutionality of a statute is challenged, the courts consider what the Kansas constitution prohibits, not what it authorizes.Id.; see Sedlak v. Dick, 256 Kan. 779, 788 (1995).
While the Kansas legislature has plenary powers except as limited by the state or federal constitutions, Ratliff v. Stockyard Co.,74 Kan. 1, 16 (1906), the Kansas constitution nevertheless specifically states that the legislature has the power to provide for the election or appointment of all non-constitutional public officers:
 "sec. 18. Election or appointment of officers; filling vacancies. The legislature may provide for the election or appointment of all officers and the filling of all vacancies not otherwise provided for in this constitution." Kan. const., art. 2, sec. 18.
Article 15 also references the constitutional power of the legislature concerning the appointment and terms of officers:
 "sec. 1. Selection of officers. All officers whose election or appointment is not otherwise provided for, shall be chosen or appointed as may be prescribed by law.
 "sec. 2. Tenure of office; merit system in civil service. The tenure of any office not herein provided for may be declared by law; when not so declared, such office shall be held during the pleasure of the authority making the appointment, but the legislature shall not create any office the tenure of which shall be longer than four years, except that appointments under a merit system in civil service shall not be subject to such limitation. . . ." (Emphasis added.)
Except for the state board of regents, each of the public boards, commissions, and authorities affected by the subject legislation is established by statute. While the Kansas constitution directs the legislature to provide for a state board of regents, Kan. const., art. 6, sec. 2(b), the constitution expressly provides that board members' terms are to be prescribed by the legislature. Kan. const., art. 6, sec. 3(b). Therefore, the terms of appointees to the state board of regents, like other boards, commissions, and authorities within the scope of the enactment in question, are established by statute. See K.S.A.74-3201, as amended by L. 1995, ch. 241, sec. 12; see alsoDriscoll v. Hershberger, 172 Kan. 145, 148 (1951) (board of regents first created by legislation in 1925).
Holding public office in Kansas is deemed to be a political privilege that is subject to statutory enactment, except as otherwise limited by constitutional provisions. Goodrich v.Mitchell, 68 Kan. 765, 768-69, 772 (1904). The power of the legislature with respect to such appointments is supreme, except as limited by the constitution. Id. at 772; Schumacher v. Rausch,190 Kan. at 244 (that which is purely a creature of the legislature is subject not only to the legislative power to create, but also the legislative power to modify, dissolve, or abolish); see also Goodrich v. Mitchell, 68 Kan. at 769-70 (Kansas bill of rights, sec. 2 provides that no special privileges or immunities may be granted that may not be altered, revoked, or repealed by the same body; the legislature therefore may exercise judgment and discretion in the selection of officers without restriction). Thus, the legislature is free to abolish a public office or alter it in any manner, except to the extent its authority to do so is limited by the state or federal constitution. Attorney General Opinion No. 78-113.
The Kansas appellate courts have not addressed the specific question you raise. However, the New York courts, interpreting similar language in the New York constitution, have held that absent an express constitutional limitation, the legislature may change the duration of the term of a public office even when the effect is to end the unexpired term of an incumbent officer, as long as the action is directed at the office itself and not a particular individual holding office. See Lanza v. Wagner,11 N.Y.2d 317, 183 N.E.2d 670, 229 N.Y.S.2d 380, 385 (citing cases),appeal dismissed, 371 U.S. 74, 9 L.Ed.2d 163, 83 S.Ct. 177,cert. denied, 371 U.S. 901, 9 L.Ed.2d 164, 83 S.Ct. 205 (1962);Michaelis v. City of Long Beach, 46 A.D.2d 772, 360 N.Y.S.2d 473,475 (1974) (citing Lanza v. Wagner); see also 63A Am.Jur.2d PublicOfficers and Employees sec. 156, at 784-85 (1984); 67 C.J.S.Officers and Public Employees sec. 70, at 378 (1978).
The holdings of the New York courts are consistent with relevant legal principles concerning public office that have been addressed by both the United States and the Kansas Supreme Courts. For example, in Dodge v. Board of Education, 302 U.S. 74, 78-79,82 L.Ed 57, 62, 58 S.Ct. 98 (1937), the United States Supreme Court held that a statute merely fixing the term or tenure of a public officer may be altered at the will of the legislature, and such a statute is presumed not to create private contractual or vested rights. The court held that one who asserts the creation of a contract with the state has the burden of overcoming this presumption under the state law applicable to contracts. Id. Similarly, the United States Supreme Court has held that an officer appointed for a definite time has neither a vested interest nor a contract right in the office of which the legislature may not deprive him at will. Crenshaw v.United States, 134 U.S. 99, 105-06, 108, 33 L.Ed. 825, 827-29,10 S.Ct. 431 (1890).
The Kansas Supreme Court has also held that an incumbent holder of public office enjoys no vested property or liberty interest in the office. Leek v. Theis, 217 Kan. 784, 811-12 (1975); Goodrichv. Mitchell, 68 Kan. 765, 768 (1904). Nor under Kansas law does an incumbent public officer hold a contract right in the office.Id. As previously noted, holding public office in Kansas is considered a political privilege, subject to legislative enactments except as otherwise limited by constitutional provisions. Id. at 768-69, 772. The privilege is not subject to the fourteenth amendment or any other provision of the United States constitution. Id. at 772. Indeed, the Kansas Supreme Court has explicitly held that the power of the Kansas legislature is supreme with respect to appointments, except as limited by the state constitution and the constitution and laws of the United States. Id.; see Wilson v. Clark, 63 Kan. 505, 510 (1901).
In Schumacher v. Rausch, 190 Kan. 239 (1962), the issue was whether the legislature could constitutionally abolish the office of workmen's compensation commissioner during the four-year term of the incumbent, with the effect of cutting short the incumbent commissioner's fixed term of office. The court held there was nothing in the constitution to bar the legislature from abolishing the office of commissioner and substituting the office of workmen's compensation director, to which the governor had appointed another individual. Id. at 245-46. As the court reasoned, that which the legislature has the power to create is also subject to legislative abolition. Id. In our opinion, the same principle applies to the legislature's power to modify the term of an incumbent state officer, subject to the limitations specified in the Kansas constitution.
These precedents lead us to conclude that the Kansas appellate courts would follow the holdings of the New York courts and uphold the constitutionality of the subject legislation. Therefore, it is our opinion that except to the extent the term is specified or limited by the Kansas constitution, the legislature may constitutionally modify the fixed term of a public office, even if the effect is to shorten the unexpired term of an incumbent state officer. A person appointed to public office in Kansas has no vested property or liberty interest in holding the office. Nor does the incumbent have a contract right to hold the office for the duration of the original fixed term. Therefore, we find no facial constitutional impediment to 1995 senate bill no. 19.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:jm