TOWN LAW §§ 271, 271(1), 271(4), 271(5), 271(9); MUNICIPAL HOME RULE LAW §§ 10, 10(1), 10(1)(ii)(a), 10(1)(ii)(d)(3), 22(1)

A town can decrease the length of the terms of the members of its planning board by local law.

December 13, 2016

Thomas J. Cerio                                               Informal Opinion
Town Attorney                                                 No. 2016-5
Town of DeWitt
Cerio Law Offices
407 South Warren Street, 5th Floor
Syracuse, NY 13202

Dear Mr. Cerio:

You have requested an opinion regarding the town board's authority to adopt a local law that would provide a shorter term for the Town's planning board members than is established by Town Law § 271.  You also have asked, in the event the Town can adopt such a local law, what effect the local law would have on the terms of the current members of the planning board.  As explained below, we are of the opinion that the Town can adopt a local law providing a shorter term than that established by Town Law § 271, that such a law would not automatically operate to shorten the terms of sitting members, but that the Town can if it chooses alter the terms of sitting members.

With respect to your first question, you have explained that the Town has a seven-member planning board.  In accordance with Town Law § 271(4),(5), the members of the Town's current board have seven-year terms with one member's term expiring each year.  You have indicated that the Town would like to make these two-year terms.  You are aware that we previously have opined that a town can shorten the term of office for its planning board members by superseding the provisions of the Town Law that establish such terms. Op. Att'y Gen. (Inf.) No. 92-27.  You have asked that we again consider the question because Town Law § 271 was amended after we rendered that opinion.

As relevant here, section 271, along with several related provisions, was repealed and recodified after we rendered our opinion in 1992, but, now as then, the terms of members of a planning board established by state law are staggered and equal in length to the number of its members.  *Compare* Town Law § 271(1) (McKinney's 1987) *with* Act of Jul. 31, 1992, ch. 663, 1992 N.Y. Laws 3636.

Section 10 of the Municipal Home Rule Law grants broad authority to the Town to adopt local laws, including those that relate to the terms of office of its officers.  Municipal Home Rule Law § 10(1)(ii)(a).  In addition, the Town can adopt a local law that amends or supersedes any provision of the Town Law that relates to

any matter with respect to which it can adopt a local law. *Id*. § 10(1)(ii)(d)(3). While a town generally is limited in its exercise of its home rule to adopting local laws that are consistent with the general laws of the state, *see id*., § 10(1), a town can adopt a local law that amends or supersedes the application of a provision of the Town Law to the town, even if the provision is a general law, unless the Legislature expressly has prohibited the adoption of such a local law. *Id*. § 10(1)(ii)(d)(3). The Legislature has not expressly prohibited the adoption of a local law inconsistent with the provisions of Town Law § 271(4),(5). Nor do we believe that the Legislature has evinced an intent to preempt local legislation in this area. *Cf. In re Cohen v. Board of Appeals of Village of Saddle Rock*, 100 N.Y.2d 395 (2003) (field of area variance review preempted; village cannot supersede those provisions of Village Law). We therefore are of the opinion that the Town can adopt a local law that supersedes or amends Town Law § 271(4),(5) to decrease the length of the terms of the members of its planning board. The town board must include in the local law certain information relating to the statute being superseded. Municipal Home Rule Law § 22(1) (legislative body must specify chapter number and year of enactment, section, subsection, or subdivision it intends to supersede).

With respect to your second question, if the proposed local law does not provide that it applies retroactively, it will be construed as prospective only—that is, it will not operate to automatically shorten the terms of the sitting board members. *Aguaiza v. Vantage Props. LLC*, 69 A.D.3d 422, 423 (1st Dep't 2010). The Town can phase in two-year terms by making its annual member appointment for a two-year term, or it can alter by law the terms of all the current board members serving seven-year terms. With respect to the current planning board members, a legislative body can shorten the term of an existing office created by that body, as long as the legislative action is directed at the office, not at the incumbent, and the change in terms will serve the public interest. *Lanza v. Wagner*, 11 N.Y.2d 317, 324 (1962); *Michaelis v. City of Long Beach*, 46 A.D.2d 772, 773 (2d Dep't 1974). The town board should be careful that its action is not perceived as a subterfuge for removing particular planning board members from office, which can be done only for cause and after a public hearing. Town Law § 271(9).

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
   in Charge of Opinions