**Greg R. BARRINGER and Judith M. Barringer, Plaintiffs,**

v.

**Michael D. GRIFFES, Defendant.**

**Civ. A. No. 91–231.**

United States District Court, D. Vermont.

Nov. 30, 1992.

Norman C. Williams, Gravel & Shea, and Jerome F. O'Neill, O'Neill & Crawford, Burlington, VT, for plaintiffs.

William E. Griffin, Chief Asst. Atty. Gen., VT Atty. General's Office, Montpelier, VT, for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

Plaintiffs have mounted an intense campaign against the Vermont motor vehicle use tax, 32 V.S.A. § 8903, charging that it violates the Commerce Clause of the United States Constitution, and their rights under 42 U.S.C. § 1983. Plaintiffs' effort to invalidate the tax and prevent its implementation was setback by this Court, which held that Vermont's motor vehicle use tax satisfied the "four part formulation ... used to evaluate the validity of state taxes vis-a-vis the Commerce Clause" adopted by the Supreme Court in *D.H. Holmes Co. v. McNamara,* 486 U.S. 24, 30, 108 S.Ct. 1619, 1623, 100 L.Ed.2d 21 (1988). *Barringer v. Griffes,* 801 F.Supp. 1282 (D.Vt.1992). Undaunted and determined to fight another day, plaintiffs appealed to the Second Cir-

cuit.[1]  As both camps await the outcome of this latest phase in their struggle, the plaintiffs have filed a Motion for Injunctive Relief Pending Appeal, pursuant to Fed. R.Civ.P. 62(c).  (Paper # 29 in court's docket).

## DISCUSSION

A trial court has a long established right to make orders appropriate to preserve the *status quo* while a case is pending on appeal.  *See, Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538 (1922) ("Undoubtedly, after appeal, the trial court may, if the purposes of justice require, preserve the *status quo* until decision by the appellate court.").  This right is codified by Fed.R.Civ.P. 62(c).[2]  The Second Circuit has held that "under Fed.R.Civ.P. 62(c), a district court may grant injunctive relief after a proper notice of appeal has been filed, but only when it is necessary to preserve the *status quo* pending the appeal."  *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556 (2d Cir.1991) (citing, *International Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines*, 847 F.2d 1014, 1018 (2d Cir.1988)).  *See also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (1973) (courts have the inherent power to grant injunction pending appeal to preserve the *status quo* and to ensure effectiveness of the eventual judgment); 7 James W. Moore, *Moore's Federal Practice* ¶ 62.05 (Rule 62(c) is strictly limited to the preservation of the *status quo* pending appeal).

Plaintiffs have requested that the Court grant an injunction pending appeal requir-

ing the defendant to register plaintiffs' automobile upon payment of the disputed tax into Court or enjoining the defendant from imposing civil or criminal penalties for operating the car subject to the challenged tax while it remains unregistered.  Because both of these options would not serve to preserve the *status quo* but to effectively change it, plaintiffs' motion fails.

As residents of Vermont,[3] plaintiffs are required to register their vehicles in order to operate them lawfully.  23 V.S.A. § 301.  32 V.S.A. § 8903 imposes a one time purchase or use tax on anyone who registers a vehicle.  Plaintiffs have refused to pay the purchase or use tax on one of their four automobiles which they purchased in Connecticut prior to moving to Vermont.  Six months after they were required to register the vehicle in order to operate it lawfully, plaintiffs filed suit challenging the constitutionality of the tax.  Plaintiffs' car has remained unregistered throughout the various stages of this litigation.

Accordingly, the *status quo* in this case is that plaintiffs are subject to the motor vehicle and tax laws of Vermont.  Enjoining the defendant from enforcing its laws and allowing the plaintiffs to register their car without paying the tax while they appeal certainly alters the *status quo*.

Because the relief plaintiffs seek in this motion would change the *status quo*, this Court is not empowered to grant it under Rule 62(c).  Plaintiffs' Motion for Injunctive Relief Pending Appeal is DENIED.

---

1. This is plaintiffs' second appeal from a decision of this court.  I initially found that I lacked jurisdiction over the matter by virtue of the Tax Injunction Act, 28 U.S.C. § 1341.  *Barringer v. Griffes*, Civ. No. 91–231 (D.Vt.1991).  On May 18, 1992, that decision was vacated by the Second Circuit Court of Appeals on the ground that the Tax Injunction Act did not divest the federal court of jurisdiction in this case because the judicial remedy available to plaintiffs in Vermont state courts "cannot fairly be said to be plain." *Barringer v. Griffes*, 964 F.2d 1278, 1284 (2d Cir.1992).  The matter was accordingly remanded to this court.

2. Rule 62(c) provides in part:

   When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

3. Plaintiffs became "residents" of Vermont, at the latest, in February of 1991, six months after they accepted employment here in August 1990.  23 V.S.A. § 4(30).