INTERNATIONAL DAIRY FOODS
ASSOCIATION, et al.

v.

Jeffrey L. AMESTOY, et al.

No. 2:94–CV–119.

United States District Court,
D. Vermont.

Aug. 15, 1995.

Geoffrey W. Crawford, Burlington, VT, Steven J. Rosenbaum, Washington DC, for plaintiffs.

Julie S. Brill, VT, Attorney General's Office, Montpelier, VT, for defendants.

MURTHA, Chief Judge.

### RULING ON MOTION FOR INJUNCTION PENDING APPEAL (paper 74)

■ The plaintiffs claim that Vermont's Labeling Law, 6 V.S.A. § 2754, is unconstitutional in that it violates the First Amendment, the Supremacy Clause and the Commerce Clause of the United States Constitution. On August 9, 1995, this Court denied the plaintiffs' request for a preliminary injunction which would prohibit the state from enforcing 6 V.S.A. § 2754. The plaintiffs have appealed that ruling and have moved to enjoin enforcement of the rBST labeling law pending appeal. For the reasons set forth below, the Motion for Injunction Pending Appeal is DENIED.

■ In relevant part, Fed.R.Civ.P. 62(c) provides: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal...." The Second Circuit also has indicated a district court may grant injunctive relief under Rule 62(c) when it is necessary to preserve the *status quo* pending appeal. *See Barringer v. Griffes*, 810 F.Supp. 119, 120 (D.Vt.1992).

When determining whether to issue a stay or injunction pending appeal, the Court must consider:

(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and (4) the public interests that may be affected.

*LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (citation omitted).

Consideration of these factors suggests that the issuance of an injunction pending appeal is inappropriate. The record does not support the plaintiffs' contention that they will suffer irreparable injury if required to comply with Vermont's Labeling Law. Moreover, the plaintiffs have not demonstrat-

ed a substantial possibility that they will prevail on their First Amendment or Commerce Clause claim. *See generally* Ruling on Renewed Motion for Preliminary Injunction.

Likewise, it does not appear that the State will suffer a substantial injury if the Court issues a stay pending appeal. However, requiring compliance with Vermont's Labeling Law will serve the public interest by providing consumers with information in which they have demonstrated an overwhelming interest. Moreover, at this time, the plaintiffs are required to file preliminary disclosures regarding rBST; the actual labeling to which they object is not scheduled to begin until September 12, 1995. Thus, it presently appears that an injunction is unnecessary to preserve the *status quo. Cf. Barringer,* 810 F.Supp. at 120 ("Enjoining the defendant from enforcing its laws and allowing the plaintiffs to register their car without paying the tax while they appeal certainly alters the *status quo.*")

The Motion for Injunction Pending Appeal is DENIED.

SO ORDERED.