**In re ST. JOHNSBURY TRUCKING COMPANY, INC.**

**Civ. No. 2:94CV322.**

United States District Court, D. Vermont.

Aug. 18, 1995.

Spencer R. Knapp, Burlington, VT, Geoffrey J. Vitt, Norwich, VT, Peter F. Langrock, Middlebury, VT, for appellants.

Nancy J. Creswell, Montpelier, VT, James L. Sigel, Boston, MA, for defendant-in-counterclaim appellee.

## *RULING ON EMERGENCY MOTION FOR STAY PENDING APPEAL*

MURTHA, Chief Judge.

### *Background*

The above-captioned action arises from a confusing series of proceedings relating to the bankruptcy of St. Johnsbury Trucking Company, Inc. At various times, issues arising from the bankruptcy have been litigated in this Court, in the United States District Court for the Southern District of New York, in the United States Bankruptcy Court for the District of Vermont, and in the United States Bankruptcy Court for the Southern District of New York.

The instant pending motion is related to United States Bankruptcy Judge Conrad's decision ordering the *in camera* review of allegedly privileged materials of Bankers Trust Co., its former counsel, O'Melveny & Myers, and its present counsel, Winthrop, Stimson, Putnam & Roberts (hereinafter collectively referred to as "the movants"). The issue before the Court was the propriety of Judge Conrad's order requiring the movants to submit documents for *in camera* review by Senior Bankruptcy Judge Charles J. Marro for the purpose of determining whether the movants have perpetrated a fraud on the court.

On July 26, 1995, this Court issued a Ruling on Emergency Motions for Stay and Emergency Motion for Leave to Appeal Judge Conrad's order to submit copies of all relevant documents to Judge Marro (hereinafter "Emergency Ruling"). Thereafter, upon movant's Motion for Clarification, the Court attempted to clarify its ruling by explaining:

> It is unclear whether the movants' petition for a writ of mandamus was pending in the instant case or in a related miscellaneous action. Nevertheless, after discussing the standard for the issuance of a writ of mandamus, the Court found it unnecessary to vacate Judge Conrad's order [requiring *in camera* review by Judge Marro] to protect movants' alleged privilege. Emergency Ruling, slip op. at 3–4. To the extent that the Emergency Ruling remains unclear, the Court hereby holds that the movants' request for a writ of mandamus [relating to Judge Marro's *in camera* review] is DENIED.

Accordingly, it was not this Court's intention to issue a ruling on any petition for writ of mandamus, pending either in this case or in Misc. No. 2:94MC107, which calls into question the propriety of Judge Conrad's original order requiring allegedly privileged documents to be turned over to sanctions counsel, Ropes & Gray. In fact, on the present record, the Court was under the impression that Judge Conrad had superseded his first order requiring the submission of documents to Ropes & Gray when he issued the subsequent order requiring those same documents be turned over to Judge Marro. Upon consideration of the same issue, New York District Judge Martin already had concluded that the record before him did not support an order requiring the movants to turn the documents over to Ropes & Gray. *In re St. Johnsbury Trucking Company, Inc.,* 176 B.R. 122 (S.D.N.Y.1994).

Moreover, the first paragraph of Judge Conrad's Memorandum of Decision Ordering *In Camera* Review of Allegedly Privileged Materials (filed June 28, 1995) (hereinafter "Bankruptcy Court Ruling") indicates that

the *in camera* review was initiated at the request of Ropes & Gray:

> Sanctions Counsel moves for an order requiring Bankers Trust Co. (BT), its former counsel, O'Melveny & Myers ("O'M & M"), and its present counsel, Winthrop, Stimson, Putnam & Roberts (WSP & R), collectively the "Sanctions Parties", to submit to us, for *in camera* review, documents claimed by the Sanctions Parties to be privileged. We will grant the motion, and order that the review be conducted by Senior Bankruptcy Judge Charles J. Marro.

Bankruptcy Court Ruling, slip op. at 2.

Later in the Bankruptcy Court Ruling, Judge Conrad further explains:

> In any event, the issue, at least for now, is not whether to order the documents turned over, but whether to order an *in camera* review of the materials to determine, based upon their contents, whether they should be turned over. This is, in short, merely a discovery matter.

Bankruptcy Court Ruling, slip op. at 18–19 (footnote omitted).

In light of those statements, the Court could discern no reason why Judge Conrad would simultaneously order an *in camera* review and require those same documents be turned over to Ropes & Gray. *See* Bankruptcy Court Ruling, slip op. at 19 (noting that disclosing allegedly privileged materials to a court for *in camera* review does not have the legal effect of terminating the privilege); *but see* Bankruptcy Court Ruling, slip op. at 10, n. 8 (Judge Conrad notes that "[t]he concurrent effect of Judge Parker's order and settlement of the SDNY Sanctions Proceeding makes it unclear whether our original order of disclosure in the Vermont Sanctions Proceeding is subject to a stay.")

According to the movants, at a hearing on August, 1, 1995, Judge Conrad indicated that he interprets this Court's rulings as requiring the movants to turn over their allegedly privileged documents to Ropes & Gray, as well as to Judge Marro. *See* Emergency Motion for a Stay Pending Appeal (hereinafter "Movants' Motion") at 5, n. 2. Consequently, on July 14, 1995, the movants filed the instant Emergency Motion for a Stay Pending Appeal.

The movants ask this Court to stay its orders by which it purportedly refused to "vacate portions of an order of the Honorable Francis G. Conrad dated October 27, 1994 ... directing Respondents to turn over a large quantity of privileged documents to their adversary, Ropes & Gray, in a sanctions proceeding commenced in connection with the [bankruptcy court] adversary proceeding." Movants' Motion at 2. The movants state they have already complied with Judge Conrad's order directing them to turn their documents over to Judge Marro. Movants' Motion at 5, n. 3.

### Discussion

■ In relevant part, Fed.R.Civ.P. 62(c) provides: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal...." The Second Circuit also has indicated a district court may grant injunctive relief under Rule 62(c) when it is necessary to preserve the *status quo* pending appeal. *See Barringer v. Griffes*, 810 F.Supp. 119, 120 (D.Vt.1992).

■ When determining whether to issue a stay or injunction pending appeal, the Court must consider:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and (4) the public interests that may be affected.

*LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (citation omitted).

■ Consideration of these factors suggests that the issuance of an injunction pending appeal is inappropriate. As far as this Court is concerned, the only potentially appealable ruling it has entered concerns Judge Marro's *in camera* review of the movants' allegedly privileged documents. The record does not support the plaintiffs' contention

that they will suffer irreparable injury as a result of that review. The movants' privilege has not been vitiated by providing documents for Judge Marro's review. Moreover, since the movants have complied with that order, an injunction is certainly unnecessary to preserve the *status quo*. Therefore, the Emergency Motion for A Stay Pending Appeal is DENIED.

However, the question of whether the movants are required to turn these same documents over to Ropes & Gray presents a different issue. As explained *supra*, this Court has not issued any order by which it intended to require the movants to provide those documents to sanctions counsel. On the instant record, it does not appear that those documents should be turned over to Ropes & Gray until Judge Marro has completed his review and made his report.

Accordingly, the Court hereby REMANDS this issue to the Bankruptcy Court so that Bankruptcy Judge Conrad may reconsider the extent to which his original order has been superseded or whether his original order requiring the movants to produce documents to Ropes & Gray should be stayed pending the outcome of Judge Marro's review.

SO ORDERED.